**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**CASE NO.:**

| | |
|---|---|
| JAVIER BARCENAS RUIZ, and all others similarly situated under 29 USC 216(B), | )<br>)<br>) |
| Plaintiff | ) |
| vs. | )<br>) |
| FLORAL SOLUTIONS, INC.<br>KEITH M. RIEWE | )<br>)<br>) |
| Defendants | )<br>)<br>) |

**COMPLAINT**

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. The Plaintiff was a resident of the Northern District of Texas at the time that this dispute arose.

3. The Defendant regularly transacted business within Dallas County for the relevant time period. Upon information and belief, the Defendants were Plaintiff's employers for the relevant time period. The individual Defendant is the Managing Partner or owner of the Defendant Corporation who ran the day to day operations of the Defendant Corporation for the relevant time period and was responsible for paying Plaintiff's wages and/or regularly controlled Plaintiff's work upon information and belief.

4. All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

5. It is believed that several other employees of the Defendant has not paid overtime in accordance with the FLSA from the date of filing this complaint back three years. This case is brought as an opt-in action under 29 USC 216(B).

## FEDERAL STATUTORY VIOLATION
## (OVERTIME VIOLATION AGAINST DEFENDANTS)

6. This action arises under the law of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement), that vests this action within a court of competent jurisdiction.

8. Plaintiff was employed as a commercial flower "preparer" for Defendants business. Plaintiff worked for the Defendants beginning on or about 03/23/02 until on or about 08/29/11.

9. Both the Defendant's business and Plaintiff's work for Defendants affected interstate commerce for the relevant time period substantially. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the goods and materials or flowers that he used or handled on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

10. The Defendants, on information and belief, had gross sales or business done in excess of $500,000 annually for the years 2007, 2008, 2009, 2010, 2011.

11. Furthermore, Defendants regularly employed two or more employees for the relevant time period who regularly handled materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act. Upon information and belief, the Defendant Keith Riewe other businesses such as Flower Trend Wholesale, Inc. and/or Quest Solutions,

Inc. which were operated by Riewe for a common business purpose along with the Corporate Defendant for the relevant time period which makes all of these named businesses owned by Riewe and "enterprise" under the F.L.S.A. which is believed to have grossed in excess of $500,000 annually for the years 2007 through 2011 or which did business in excess of that amount annually for this time period.

12. Plaintiff worked an average of 57 hours per week for the stated time period above and was paid at rate equivalent to $8.66/hr., but was not paid any overtime wages for the entire time Plaintiff worked for the Defendants and is therefore claiming overtime for all hours worked above 40 in a week for the entire relevant time period to this lawsuit.

13. The Defendant's payment to Plaintiff for this time period did not meet the federal overtime wage law requirements.

14. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants, knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a **trial by jury**.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.C.
Attorney For Plaintiffs
6310 LBJ Freeway #112
Dallas, Texas 75240
(972)233-2264

By:\_\_/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
   Texas Bar # 24071840